PATRICK H. HICKS, ESQ., Bar # 4632
JEFFREY S. JUDD, ESQ., Bar # 7393
LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811

Attorneys for Defendant
SUN CAB, INC., d/b/a NELLIS CAB COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHERI WOODRUFF,<br><br>Plaintiff,<br><br>vs.<br><br>SUN CAB, INC. d/b/a NELLIS CAB COMPANY, a Nevada corporation; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,,<br><br>Defendant. | Case No. 2:06-cv-01652-PMP-GWF<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

## INTRODUCTION

Defendant SUN CAB, INC., d/b/a NELLIS CAB COMPANY (hereinafter referred to as "Defendant" or "Nellis"), by and through its undersigned attorneys, hereby files its Reply in Support of its Partial Motion to Dismiss Plaintiff's Complaint and renews its request for an Order dismissing certain of Plaintiff's causes of action against Nellis, as follows:

Plaintiff's fifth cause of action for negligent retention, training and supervision of Nellis' management fails to plead a *prima facie* case, and therefore must be dismissed, and Plaintiff's eighth cause of action for constructive discharge fails since there are sufficient statutory remedies to remedy the alleged wrong. Further, since Plaintiff does not oppose the dismissal of her

///

///

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1

sixth cause of action for breach of the covenant of good faith and fair dealing as well as her ninth cause of action for declaratory relief, those two claims must also be dismissed.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I.     PROCEDURAL BACKGROUND

This action arises out of an employment relationship between Plaintiff and Nellis. Plaintiff's Complaint, which over-pleads as many causes of action as possible, alleges nine causes of action as follows: (1) Assault; (2) Battery; (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; (5) Negligent Retention, Training and Supervision of Defendant's Management and Employees; (6) Breach of the Implied Covenant of Good Faith and Fair Dealing; (7) Sex Discrimination Under State and Federal Anti-Discrimination Statutes; (8) Constructive Discharge; and (9) Injunctive Relief. As set forth herein, the Court should dismiss Plaintiff's fifth, sixth, eighth and ninth causes of action.

### II.    ARGUMENT AND AUTHORITY

#### A.    Standard For Dismissal.

A motion to dismiss is appropriate when a plaintiff cannot state a claim as a matter of law. Jablon v. Dean Witter and Co., 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss should be granted where the complaint fails to allege sufficient facts to constitute a cognizable cause of action or legal theory of recovery. Fed.R.Civ.P. 12(b)(6); Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Furthermore, a complaint is subject to dismissal if it lacks allegations regarding an element necessary to obtain relief. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24 (1st Cir. 1990). While the allegations in a complaint should be accepted as true for the purposes of a Rule 12(b)(6) motion, conclusory allegations of legal import need not be accepted as true. Western Mining Council v. Watt, 643 F.2d 618, 624-25 (9th Cir. 1981). As shown below, Plaintiff has not pled facts sufficient to entitle her to relief against Nellis on her fifth, sixth, eighth and ninth causes of action.

///

///

**B.     Plaintiff's Cause Of Action For Negligent Retention, Training And Supervision Fails As A Matter Of Law.**

In her Opposition, Plaintiff claims that Defendant Nellis breached its duty of reasonable care in retention and supervision of employees. In order to meet the minimum requirements to state a cause of action for negligent retention, training or supervision in Nevada, more than just a breach of the general negligence standard is required. Plaintiff has not alleged that Nellis employed an employee with known dangerous propensities that caused her injury; (2) Plaintiff has not and cannot allege any physical injury as a result; and (3) Plaintiff has not alleged that any of the acts of Nellis' supervisors in terminating, disciplining or dealing with her were outside the scope of their authority. Since Plaintiff has not alleged the necessary elements, her claim must fail.

In short, to support such a cause of action for negligent retention, training or supervision, a plaintiff must establish that defendant knew or should have known that it hired a potentially dangerous employee, that the employee committed a tort on the plaintiff, and that the plaintiff suffered physical injury as a result. The Nevada Supreme Court addressed such claims in Hall v. SSF, Inc.: "The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position. (Citation omitted). An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." Hall v. SSF, Inc., 112 Nev. 1384, 1392 (1996).

This case is substantially similar to Leidig v. Honeywell, 850 F.Supp. 796 (D. Minn. 1994) where the Minnesota Supreme Court dismissed such a cause of action in part because the plaintiff had not established physical injury.[1] For similar reasons, dismissal of Plaintiff's claim is warranted.

The other important element needed to support a claim of negligent training, retention and supervision (missing from Plaintiff's Complaint) is that the plaintiff be physically injured by the employee. Indeed, physical injury to the plaintiff is the *sine qua non* of the tort of negligent retention, training or supervision. In Graves v. Iowa Lakes Community College, 639 N.W.2d 22

---

[1] In the interest of saving the Court's time, Nellis incorporates by reference its argument in its **Motion to Dismiss, page 3**, regarding the request for dismissal of this cause of action.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

(Iowa 2002), the Iowa Supreme Court held that a claim for negligent supervision did not extend to cases "where there are no physical injuries." [2]

Finally, Plaintiff has failed to allege a single act of Nellis' agents outside the scope of their authority that caused her alleged injury. The Minnesota Supreme Court also held in Leidig that the tort of negligent hiring was not applicable were the alleged acts were of necessity within the course of employment. The Court explained that under Restatement (Second) of Torts §317, the duty imposed is "unambiguously limited to preventing an employee from inflicting personal injury upon a third person on the master's premises." Id. at 808. [3]

Significantly, the tort of negligent retaining, hiring and/or supervision was not created to provide a cause of action for an employee predicated upon the simple act of being terminated or constructively discharged. This tort was designed to protect third parties from potentially dangerous employees who may cause physical personal injury outside the scope of their employment. In this regard, the tort is not applicable here. Here, Plaintiff has alleged no facts to establish even a *prima facie* case that Nellis breached a cognizable duty to Plaintiff in the retention, training and supervision of their employees. Consequently, this cause of action must be dismissed.

C. **Plaintiff Concedes That Her Claim For Breach Of The Covenant Of Good Faith Is Without Merit.**

Plaintiff's sixth cause of action is for the alleged breach of the covenant of good faith and fair dealing. Plaintiff does not oppose dismissal of this cause of action and it should therefore be dismissed. (*See* Plaintiff's Opposition, 1:21-24).

D. **Nevada Does Not Recognize Additional Common Law Claims Where There Are Sufficient Statutory Remedies To Remedy The Alleged Wrong. Therefore, Plaintiff's Cause Of Action For Constructive Discharge Should Be Dismissed.**

Contrary to Plaintiff's position and her attempt at artful pleading, this cause of action is not separate and Plaintiff is not entitled to pursue a constructive discharge claim without her discrimination claims. Plaintiff's claim for constructive discharge does not exist without the

---

[2] In the interest of saving the Court's time, Nellis incorporates by reference its argument in its **Motion to Dismiss, page 4**, regarding the request for dismissal of this cause of action.

[3] In the interest of saving the Court's time, Nellis incorporates by reference its argument in its **Motion to Dismiss, page 4-5**, regarding the request for dismissal of this cause of action.

underlying claim for harassment and discrimination. Therefore, if Plaintiff does not prevail on the discrimination claims, she is not entitled to remedies for the tort of constructive discharge.

The cases cited by Plaintiff regarding successful claims for constructive discharge all have underlying successful harassment and discrimination claims. Plaintiff fails to cite cases that support her proposition that the constructive discharge claim exists on its own. As such, Plaintiff's constructive discharge claim, based upon an alleged hostile work environment, must be dismissed because Plaintiff's seventh cause of action for "Sex Discrimination Under State and Federal Anti-Discrimination Statutes" affords Plaintiff sufficient legal remedies. It is clear that a hostile work environment claim, which is a theory of harassment known as "environmental harassment," must be pursued through statutory remedies. Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000) ("Sexual harassment falls into two major categories: hostile work environment and quid pro quo."); Kohler v. Inter-Tel Techs., 244 F.3d 1167, 1172 (9th Cir. 2001) (hostile work environment is one of the two theories of harassment, i.e., environmental harassment, which was created by and is remedied by state and federal statutes); Faragher v. City of Boca Raton, 524 U.S. 775, 780 (1998); Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971, 60 F.3d 1375, 1385-86 (9th Cir. 1995) (plaintiff's wrongful termination claim based upon alleged impermissible discrimination dismissed because the asserted cause of action is unavailable under Nevada law).[4]

As a result, Plaintiff's claim for constructive discharge based upon an alleged "hostile work environment" should be dismissed. The common law should not be extended to address concerns for which comprehensive statutory remedies already exist.

E. **Plaintiff Concedes That Her Claim For Injunctive Relief Should Be Dismissed.**

Plaintiff's ninth cause of action is for the declaratory relief. Plaintiff does not oppose dismissal of this cause of action and it should therefore be dismissed. (*See* Plaintiff's Opposition, 1:21-24).

///

---

[4] In the interest of saving the Court's time, Nellis incorporates by reference its argument in its **Motion to Dismiss, pages 9-11**, regarding the request for dismissal of this cause of action.

### III. CONCLUSION

For the reasons set forth above, Nellis respectfully moves this Court to dismiss Plaintiff's fifth, sixth, eighth and ninth causes of action with prejudice.

Dated: June 28, 2007.

Respectfully submitted,

LITTLER MENDELSON

By: _____
Patrick H. Hicks, Esq.
Jeffrey S. Judd, Esq.
Attorneys For Defendant
SUN CAB, INC. d/b/a
NELLIS CAB COMPANY

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8600

Firmwide:82659038.1 046985.1003

6.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On June 28, 2007, I served the within document(s):

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

[X] By serving the following parties electronically through CM/ECF:

[ ] By facsimile transmission on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

[ ] By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada as set forth below.

Kristina S. Holman
4475 South Pecos Road
Las Vegas, NV  89121

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 28, 2007, at Las Vegas, Nevada.

/s/ Maribel Rodriguez
Maribel Rodriguez

Firmwide:82659038.1 046985.1003

7.